UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Osha A. Johnson,<br><br>PLAINTIFF<br><br>v.<br><br>Lieutenant Marquita McCullough; Lieutenant Christopher Timmons; Lieutenant Desmond Weston; Lieutenant Robinson; Lieutenant McKissack; Captain Damon Greene; Captain Annie McCullough; Associate Warden Commander; Associate Warden Tisdall; Warden Jackson; Regional Director Williams; Brian P. Sterling; Governor Henry McMaster; and DHO Brown,<br><br>DEFENDANTS. | Case No. 5:23-cv-03368-JFA<br><br>**ORDER** |

## I.   INTRODUCTION

Plaintiff Osha A. Johnson ("Plaintiff"), an inmate proceeding *pro se* and *in forma pauperis*, filed this civil action against the above-named defendants on July 14, 2023. Plaintiff alleges all manner of violations against the named defendants, all of which stem from an apparent inmate-on-inmate fight. The Complaint was referred, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), to United States Magistrate Judge Kaymani West. On July 27, 2023, the Magistrate Judge advised Plaintiff of the need to bring the case into proper form by August 17, 2023. (ECF No. 11). Plaintiff was also granted leave to proceed *in forma pauperis*. (ECF No. 12). Since the complaint was filed, the parties have filed a litany of motions, a number of which are dispositive.

Page **1** of 13

The complaint now comes before this Court for review of the Report and Recommendation ("Report") filed by the Magistrate Judge. (ECF No. 106). The Report recommends that Defendant McMaster's Motion to Dismiss be dismissed as moot, that Defendants' Motion to Dismiss be dismissed as moot, that Plaintiff's Motion for Temporary Restraining Order be denied, that Defendant McMaster's Motion to Dismiss the Supplemental Complaint be granted, and that Defendants' Motion to Dismiss Plaintiff's Supplemental Complaint be granted in part and denied in part. (ECF No. 106 at 38). The Magistrate Judge required Plaintiff to file objections by June 24, 2024. *Id*. Plaintiff filed objections to the Report on July 1, 2024. (ECF No. 17). Defendant McMaster has filed a Reply to Plaintiff's objections. (ECF No. 110). Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life*

*& Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III. DISCUSSION

The relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 106). In response to the Report, Plaintiff ultimately filed objections, which are seventy-two pages handwritten.

(ECF No. 109). In his Objections, Plaintiff generally restates much of the substance of his Complaint while simultaneously accusing the Magistrate Judge of failing to understand his voluminous filings. Plaintiff also alleges that defects in his pleadings, to the extent they exist, are cured by demurrers of the collective defendants, though he does not cite to any specific instances in support of this argument. Accordingly, Plaintiff's arguments are not properly characterized as specific objections to the Report which would allow for *de novo* review. However, the Court will briefly address them below.[1]

### A. Plaintiff's Objections to Magistrate Judge's Recitation of Facts Related to Defendant Lt. McCullough

In the Report, the Magistrate Judge dedicates a paragraph to outlining the factual basis of Plaintiff's claims against Defendant Lt. McCullough. In so doing, the Magistrate Judge dutifully outlined the facts that Plaintiff has presented repeatedly in various filings during the pendency of this case. (ECF No. 9). The Court notes that the Report quotes extensively from Plaintiff's Complaint, and that the factual allegations in the Complaint are recited nearly verbatim in Plaintiff's objections. (*Compare* ECF No. 1 at 11-13 & ECF No. 109 & 11-13).

For his part, Plaintiff chooses to dedicate considerable time in his objections to the facts and law surrounding his deliberate indifference claim against Defendant Lt.

---

[1] The Court has taken great pains to parse out Plaintiff's lengthy handwritten filing. In so doing, the Court has determined that much of Plaintiff's filing is a simple restatement of prior filings coupled with mere disagreements with the legal conclusions of the Magistrate Judge. Though Plaintiff makes lengthy citations to caselaw, he does nothing to tie the cited law to the specific facts of his case. The Court has gone to great lengths to tie together Plaintiff's loosely related factual statements and law.

McCullough. (ECF No. 109 at 11-37). Indeed, Plaintiff recites the facts nearly verbatim, while quoting various cases outlining the rules of liberal construction for *pro se* litigants. In so doing, Plaintiff does not present new facts or otherwise alter the factual basis upon which his claims against Defendant Lt. McCullough are predicated. Rather, Plaintiff inadvertently reinforces the accuracy of the Magistrate Judge's recitation of the facts. It appears to this Court that Plaintiff's frustration with the Magistrate Judge's factual recitation is stylistic rather than substantive.

Plaintiff then moves on to the topic of Defendant Lt. McCullough's answers to interrogatories sent by Plaintiff. In general, Plaintiff voices dissatisfaction with a number of the answers, primarily those addressing why and how Defendant Lt. McCullough reacted to the fight described by Plaintiff. Plaintiff does not accuse Defendant Lt. McCullough of factual inaccuracies. Rather, Defendant Lt. McCullough appears to accepted much of the factual basis for Plaintiff's questions. Plaintiff does not explain the relevance of this frustration to the Report. Further, Plaintiff does not dedicate any time to addressing how the Magistrate Judge's misunderstanding of the facts impacted the legal conclusions drawn in the Report as to Defendant Lt. McCullough. Rather, Plaintiff flatly recites the facts and the law which he believes should be applied, all of which has been presented previously, without making any effort to explain how the Magistrate Judge's application of the law is erroneous. Accordingly, Plaintiff's objection to the Report's treatment of Defendant Lt. McCullough is overruled.

### B. Plaintiff's Eighth Amendment Deliberate Indifference Claim

Continuing to focus on his deliberate indifference claim, Plaintiff states that "If I had to say from my interpretation of the undersigned's reasoning and the error in it, I would say one, she has reasoned that one because I was not stabed or serverally beaten that I have failed to show 'sufficiently serious injury." (ECF No. 109 at 38) (punctuation and spelling in original). In the Report, the Magistrate Judge correctly notes that Plaintiff's complaint "alleges that Defendant McCullough failed to protect him from other inmates, thereby violating the Eighth Amendment by being deliberately indifferent to his safety." (ECF No. 106 at 23).[2] The Report further explains that:

> "The Supreme Court outlines two requirements for an Eighth Amendment failure to protect claim. Frist, a prison official's act or omission must result in the denial of the 'minimal civilized measures of life necessities.' This requirement is also stated that the denial of the constitutional right must be 'sufficiently serious.' Second, the prison official must have a 'sufficiently culpable state of mind,' meaning that the official either purposefully caused the harm or acted with 'deliberate indifference.'"

(ECF No. 106 at 23) (*citing Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991)). Or his part, Plaintiff does not contend that the legal standard applied in the Report in inaccurate. Rather, he contends that he can succeed in his claim "even without actual injury." (ECF No. 109 at 38). The Court concludes that Plaintiff's objection misses the mark.

As the Magistrate Judge correctly notes in the Report, "Plaintiff does not allege or otherwise imply that he was injured at the hands of another inmate while Defendant McCullough was in his vicinity. Indeed, Plaintiff alleged the opposite; that is, Plaintiff

---

[2] The Court notes that this is precisely the argument Plaintiff makes both in ECF No. 1 at 11-13 and in ECF No. 119 at 11-13.

alleged that it was he who pulled out a weapon against these other inmates after they allegedly threatened him." (ECF No. 106 at 23). As the Report notes, Plaintiff alleged the opposite. Plaintiff freely concedes that it was he who pulled out a weapon against the other inmates in response to an apparent threat. *Id*. The Report correctly notes that Plaintiff failed to allege that Defendant McCullough actually exhibited deliberate indifference toward him. Though Plaintiff repeatedly accuses Defendant McCullough of deliberate indifference, he does not allege facts sufficient to support his claim. The Report correctly notes that, "In failure to protect cases, prison guards do not have a constitutional duty to intervene in an armed assault of an inmate when intervention would place the guards in danger of physical harm." (ECF No. 106 at 24) (*citing Raynor v. Pugh*, 817 F.3d 123, 128 (4th Cir. 2016)). The Report correctly concludes, and Plaintiff's objections do nothing to change, that Plaintiff alleges that Defendant McCullough responded to the assault once she perceived a serious risk of harm. This risk of harm arose when Plaintiff presented a weapon to the other inmates, which prompted Defendant McCullough to notify other officials. Thus, there is no allegation by Plaintiff that Defendant McCullough failed to act. For these reasons, Plaintiff's objection is overruled.

### C. Plaintiff's Objection that the Magistrate Judge Failed to Consider his Complaint as a Whole.

Plaintiff frames his next objection as an objection to the Magistrate Judge's failure "to consider the complaint as a whole." (ECF No. 106 at 39). This blanket objection by Plaintiff is better described as a frustration with the Magistrate Judge's findings in relation to multiple allegations made by Plaintiff in his Complaint. Upon review of the thirty-eight

page Report prepared by the Magistrate Judge, it is obvious to the Court that a thorough analysis of Plaintiff's Complaint was made, with every effort made to construe Plaintiff's musings as legal arguments.

To underscore the Report's thorough treatment of Plaintiff's Complaint, the Court is compelled to note that, beyond a detailed factual and procedural history of the case, the Report provides a detailed factual basis for Plaintiff's claims against Defendant Lt. McCullough, Defendant Timmons, Defendant Weston, Defendant Robinson, Defendant McKissack, Defendant Greene, Defendant Annie McCullough, Defendant Warden Commander, Defendant Tisdall, Defendant Warden Jackson, Defendant Director Williams, Defendant Director Stirling, Defendant Governor McMaster, and Defendant DHO Brown. (ECF No. 106 at 9-15).

The Report first addressed Plaintiff's Motion to Dismiss Supplemental Complaint filed by Defendant Henry McMaster. The Report deals with this matter in considerable detail before addressing the Motion to Dismiss Supplemental Complaint filed by Correction Center Defendants. In addressing this matter, the Report specifically identifies and addresses each of the following claims raised by Plaintiff, failure to protect, excessive force, supervisory liability, failure to contact mental health department, conditions of confinement, due process violation, and his motion for a temporary restraining order. (*Id.* at 23-37). Having reviewed the Report thoroughly, the Court concludes that the Magistrate Judge has appropriately addressed the relevant issues. For this reason, Plaintiff's general objection to the Magistrate Judge's diligence is overruled.

### D. Plaintiff's Objection to his Characterization as the "Aggressor"

Plaintiff takes issues with the characterization of him as the "aggressor". He argues that he was moved to "lock up for threatening other inmates" as a result of this determination. (ECF No. 109 at 40). Continuing with this argument, Plaintiff voices frustrations with the various reports offered by prison employees regarding his involvement in the altercation with other inmates. However, Plaintiff does not dispute the underlying facts or argue that the Report has made improper factual determinations. Instead, Plaintiff quibbles with various defendants' framing of the undisputed facts.

The Report is careful in its treatment of the facts surrounding the alleged assault, noting that, "According to Plaintiff, on September 29, 2022, he was surrounded by four or five inmates who were threatening him bodily harm. Plaintiff then brandished a weapon, in response to other inmates 'reaching into their pants for weapons,' ultimately resulting in Plaintiff being named the aggressor." (ECF No. 106 at 2) (internal citations removed). The Report goes on to note that, "Plaintiff alleges the other inmates were able to speak with Defendant Captain Greene and inform him that it was Plaintiff who was the aggressor, rather than the victim." *Id*. at 6. The Report further acknowledges Plaintiff's claim that "he brandished a weapon toward the group, hoping to cause the group of inmates to retreat, but as a result, Defendant McCullough and a trainee ran downstairs, locked the doors, and told the 'A-team' that Plaintiff was the aggressor." *Id*. at 9.

Contrary to Plaintiff's assertions, the Report does not label him as the "aggressor." Rather, the Report discusses Plaintiff's allegations that he was labelled the "aggressor" by the defendants. Indeed, the "aggressor" designation is central to Plaintiff's arguments

surrounding Defendant McCullough and his deliberate indifference claim. Thus, this argument is not properly considered an objection to the Report. Instead, it is more accurately construed as a disagreement with the arguments of the defendants. Thus, the objection is overruled.

### E.  Whether Plaintiff Stated a Claim of Supervisory Liability Against

In his objections, Plaintiff renews his supervisory liability allegations against Defendants Capt. Annie McCullough, Associate Warden Commander, Warden Tisdall, Warden Jackson, Regional Director Williams, Captain Greene, and Director Bryan Stirling. In many respects, these "objections" are copied nearly verbatim from his Complaint and have been thoroughly addressed in the Report. However, the Court will briefly address this issue as Plaintiff had dedicated considerable time to rehashing it in his objections.

The Report correctly acknowledges that "Supervisory officials may be held liable in certain circumstances upon a 'recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their case.'" (ECF No. 106 at 30) (*citing Slakan v. Porter*, 737 F.2d 368, 372-73 (4th Cir. 1984)). The Report concludes that, "Plaintiff's allegations, even construed liberally, fail to state a claim for relief against these Defendants." *Id*. The Report concludes, and Plaintiff does not refute, that "As to Defendant Captain Annie McCullough and Defendant Associate Warden Commander, while Plaintiff alleges they were at least aware or gave the 'go ahead' to use chemical munitions, Plaintiff does not allege any other knowledge on their part as to the circumstances of whether the

use of force was excessive in that they had knowledge of the amount of chemical munitions being deployed." Further, in his objections Plaintiff does not argue that their response or failure to respond caused his injuries. The Report further concludes that, as to the other Defendants, Plaintiff's allegations are simply that they are liable by virtue of their supervisory status. Nothing in the Complaint or Plaintiff's objections can be construed to argue that these individuals had any knowledge at all of the purported constitutional violations. Accordingly, this objection is overruled.

### F. Whether Plaintiff Stated a Claim Based on his Allegations that Defendants Failed to "Contact Mental Health"

Next in his list of objections is Plaintiff's allegation that "Defendant McKissack failed to contact the mental health department after the altercation with Plaintiff, which is a 'violation of SCDC policy.'" (ECF No. 109 at 68). Plaintiff seemingly wishes to relitigate another issue in his Complaint nearly verbatim, without responding or otherwise addressing the treatment of the issue by the Magistrate Judge in the Report. As the Report acknowledges and Plaintiff again asserts, "Plaintiff alleges Defendant McKissack caused him to have a manic episode and refused to stop or cease the use of force, he did not contact the mental health department contrary to SCDC policy, and he called in permission to use a riot gun." (ECF No. 106 at 11). The Report goes on to discuss Plaintiff's claims regarding Defendant McKissack's alleged failure to contact the mental health department in detail. At the outset, the Report correctly states that first, an alleged deprivation must be "sufficiently serious" and the inmate must show that he is incarcerated under conditions that pose a substantial risk of serious harm. *Id*. at 31. Second, prison officials must have a

"sufficiently culpable state of mind." *Id*.

In his objections, Plaintiff again summarily alleges that Defendant McKissack failed to call the mental health department to assist him. He does not provide additional detail. Instead, he makes citations to various caselaw and generally restates the arguments he made in his Complaint. The Court notes, as the Report noted, that Plaintiff was seen by medical personnel after the incident. (ECF No. 109 at 69). He again reiterates that he was asked questions about his mental health. *Id*. It is unclear to this Court what the connection between Defendant McKissack and mental health counseling is, given that Plaintiff seemingly met with medical staff and discussed his mental health concerns in the wake of the incident. This is not a sufficient basis upon which to sustain his objection.

### IV. CONCLUSION

The Court has carefully reviewed the Report, Plaintiff's Complaint, and other relevant filings. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. For the reasons stated by the Magistrate Judge, the Report, ECF No. 106, is **ACCEPTED**. Defendant McMaster's Motion to Dismiss, ECF No. 31, is **MOOT**. Defendants' Motion to Dismiss, ECF No. 39, is **MOOT**. Plaintiff's Motion for Temporary Restraining Order, ECF No. 58 is **DENIED**. Defendant McMaster's Motion to Dismiss the Supplemental Complaint, ECF No. 86 is **GRANTED**. Defendant's Motion to Dismiss Plaintiff's Supplemental Complaint, ECF No. 89, is **GRANTED IN PART AND DENIED IN PART**. The Motion to Dismiss, ECF No. 89, is granted to all claims except Plaintiff's excessive force claim against Defendants Timmons, Weston, Robinson, McKissack, and Greene and Plaintiff's claim against

Defendant DHO Brown as to the alleged due process violation. The matter is recommitted to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED.**

July 22, 2024  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge